```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN
```

HAROLD ALEXANDER THOMAS, III; and )
HAMILTON BRYAN,                    )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )     Civil No. 2013-06
                                   )
JOSEPH BONNANO; WEST ESSEX MANAGEMENT )
CORPORATION; TURN AROUND ENTERPRISES, )
LLC; LIEUTENANT GOVERNOR OF THE VIRGIN )
ISLANDS, GREGORY R. FRANCIS, in his )
official capacity,                 )
                                   )
          Defendants.              )
                                   )

**ATTORNEYS:**

**Harold Alexander Thomas, III**
     *Pro se*

**Hamilton Bryan**
     *Pro se*

**Jennifer Jones, Esq.**
Law Offices of Jennifer Jones
St. Thomas, VI
     *For the defendants Joseph Bonnano; West Essex Management
     Corporation; and Turn Around Enterprises, LLC*

**Vincent F. Frazer, Attorney General**
**Tamika Archer, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
     *For the defendant Lieutenant Governor of the Virgin Islands
     Gregory R. Francis*

                          <u>ORDER</u>

**GÓMEZ, J.**

     Before the Court are the motions of defendants Joseph

Bonnano ("Bonnano") and West Essex Management Corporation

("Essex") to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 41.

## I.    FACTUAL AND PROCEDURAL HISTORY

This action was initiated on January 23, 2013. The defendants filed various motions to dismiss. Thereafter, and before the Court had ruled on the motions to dismiss, the plaintiffs, Harold Alexander Thomas III ("Thomas") and Hamilton Bryan ("Bryan"), filed a motion for expedited review, (ECF No. 9), a motion for emergency relief, (ECF No. 11), and a motion titled "Motion for Judgment as a Matter of Law." (ECF No. 55.)

On July 30, 2013, the Court granted the defendants' motions to dismiss in part, and ordered Thomas and Bryan to amend their complaint and serve it on all parties not later than August 30, 2013. On August 23, 2013, the Court found Thomas and Bryan's motions for expedited review and emergency relief to be moot, as no amended complaint had yet been filed. On October 30, 2013, long after the August 30, 2013, deadline, the Court found Thomas and Bryan's "Motion for Judgment as a Matter of Law" moot. The Court stated that, though the deadline to do so had long since passed, Thomas and Bryan had not yet filed an amended complaint. As such, there was no complaint on which judgment could be entered.

On November 4, 2013, Bonnano and Essex renewed their motions to dismiss, this time citing Federal Rule of Civil

Procedure 41 ("Rule 41"), as well as Federal Rule of Civil Procedure 12 ("Rule 12(b)(6)").

## II. DISCUSSION

Rule 41 states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).[1]

A district court's decision to invoke this sanction is discretionary. *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984) (applying abuse of discretion standard of review). In deciding the defendants' motion to dismiss the plaintiffs' complaint for want of prosecution pursuant to Rule 41(b), this Court must weigh and balance the six factors provided by the Third Circuit in *Poulis*. *Scarborough*, 747 F.2d 871 (applying *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984), test to Rule 41(b) dismissal).

Those factors are:(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails

---

[1] Bonnano and Essex both cited to Rule "41(m)." No such rule exists, however it is clear from the motions that both defendants intended to appeal to Rule 41(b).

an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. The Court need not find that all of the *Poulis* factors weigh against the opposing party to find that dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989).

Before deciding a motion to sanction a party with dismissal, the Court must ensure that the party against whom it is being sought has actual notice of the motion. *Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 129 (3d Cir. 1987). The purpose of this requirement is to ensure that parties are given an opportunity to defend themselves against the consequences of their attorney's misconduct. *Curtis T. Bedwell & Sons v. Intl. Fidelity Ins. Co.*, 843 F.2d 683, 693 n. 19 (3d Cir. 1988).

### III. ANALYSIS

It is beyond contention that Thomas and Bryan are aware of the instant motions. They are both representing themselves pro se, and have been granted access to the electronic filing system for purposes of this case. (ECF No. 32, Order Granting Leave to File Electronically.) They have used said system since then for purposes of this case. Having determined that Bryan and Thomas had access to the instant motions and all previously docketed court orders, the Court will now turn to the the *Poulis* factors.

    The first factor the Court must consider is the extent of the non-moving party's personal responsibility. *Poulis*, 747 F.2d at 868. The Court notes that Thomas and Bryan are proceeding pro se and they thus bear full responsibility for the litigation. *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (citing *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (noting that a pro se plaintiff is personally responsible for the progress of his case and compliance with a court's orders)). Since the Court's July 30, 2013, Order, Thomas and Bryan have not filed an amended complaint or served the amended complaint on all named defendants in accordance with Federal Rule of Civil Procedure 4 as instructed. Thus, the first factor weighs in favor of dismissal.

    The second factor focuses on the prejudice to the defendants caused by the failure to respond to the Court's orders. *Poulis*, 747 F.2d at 868. "Prejudice" under the Poulis test does not refer to "irremediable" harm. *Curtis T. Bedwell*, 843 F.2d at 693. Rather, it can consist of the extra costs of repeated delays and filing of motions necessitated by the improper behavior on the part of plaintiffs. *Id.* at 693-94; *Poulis*, 747 F.2d at 868. Thomas and Bryan's failure to comply with the Court's July 30, 2013, Order was the event precipitating Bonnano and Essex's motions. In that sense, they have burdened the defendants by forcing them to file motions

simply to try and compel Thomas and Bryan to comply with basic procedural requirements. *See, e.g., Andrews v. Gov't of the Virgin Islands*, 1321 F.R.D. 405, 412 (D.V.I. 1990) *aff'd*, 935 F.2d 1280 (3d Cir. 1991) (finding that behavior by the plaintiffs which forced the defendants to file motions to attempt to force action on the plaintiffs' part was prejudicial). Thus, the second factor weighs in favor of dismissal.

The third factor considers whether the non-moving party has a history of dilatoriness. *Poulis*, 747 F.2d at 868. As pointed out in *Curtis T. Bedwell*, "[i]n *Poulis*, one failure to answer interrogatories and a failure to file a pre-trial statement were sufficient to support a dismissal." 843 F.2d at 694. The circumstances in the instant case, a failure to respond to any of the commands of the Court's July 30, 2013, Order, for five months, rises to at least the level of that in *Poulis*. Thus, the third factor favors dismissal.

The fourth factor considers whether the conduct of the party or the attorney was willful or in bad faith. *Poulis*, 747 F.2d at 868. In the instant case, it is clear that Thomas and Bryan were aware of the Court's July 30, 2013, Order. Thomas and Bryan mention the July 30, 2013, Order in their "motion to disqualify Judge Curtis v. Gomez." (ECF No. 74.) Thomas and Bonnano, in their motion for disqualification, state that the

July 30, 2013, Order is of "no legal effect." (ECF No. 74.) This indicates that, not only are Thomas and Bonnano aware of the July 30, 2013, but they do not intend to comply with it. Their failure to comply is not accidental or inadvertent. Therefore, the fourth factor favors dismissal.

The fifth factor looks at the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 868. "In general, a sanction should be directed toward the particular abuse that has occurred." *Andrews*, 132 F.R.D. at 413. Here the July 30, 2013, Order instructed Thomas and Bryan to file an amended complaint and to properly serve the defendants in this case. Failure to file a complaint or to serve the defendants would typically be sanctioned either by granting the plaintiffs leave to amend or by dismissal. *See* Fed. R. Civ. P. 12(b). The July 30, 2013, Order, denying the motions to dismiss and granting Thomas and Bryan leave to amend and properly serve the defendants, did not lead to compliance. As such, it seems unlikely that leave to amend in this matter would result in a more favorable outcome. The only remaining sanction typically employed in this circumstance is dismissal. Thus, the fifth factor favors dismissal.

Finally, the sixth factor considers the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. The standard under which this factor is determined is that of a dismissal for

failure to state a claim on which relief can be granted: "A claim ... will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff...." *Id.* at 869-70. As the Court has previously noted, Thomas and Bryan have failed to file an amended complaint. As such, the Court lacks sufficient information from which to determine the merit of their contentions.

The premises considered, it is hereby

**ORDERED** that Bonnano and Essex's motions to dismiss are **GRANTED**.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**