```
              DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN

HAROLD ALEXANDER THOMAS, III; and     )
HAMILTON BRYAN,                       )
                                      )
              Plaintiffs,             )
                                      )     Civil No. 2013-06
              v.                      )
                                      )
JOSEPH BONNANO; WEST ESSEX MANAGEMENT )
CORPORATION; TURN AROUND ENTERPRISES, )
LLC; LIEUTENANT GOVERNOR OF THE VIRGIN)
ISLANDS, GREGORY R. FRANCIS, in his   )
official capacity,                    )
                                      )
              Defendants.             )
                                      )
_____)
TURN AROUND ENTERPRISES LLC,          )
                                      )
              Counterclaimant,        )
                                      )
              v.                      )
                                      )
HAROLD ALEXANDER THOMAS, III; and     )
HAMILTON BRYAN,                       )
                                      )
              Counterclaim            )
              defendants.             )
                                      )
_____)
```

|  |  |
|---|---|
| **TURN AROUND ENTERPRISES LLC,** | ) |
|  | ) |
| Third-party Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **LUCILLE ANN THOMAS; MARVIN THERON, ELBA JEANINE ZESSNETT-THOMAS; PHILLIS ROSALIND THOMAS; LOUIS THOMAS; DOROTHY PATRICIA THOMAS; THEODORE ALVIN THOMAS; EDNA THOMAS; THE ESTATE OF THYRA THOMAS-BARETTA; RUDOLF GLEESTON THOMAS; TERRANCE THERBAITES THOMAS; CHRISTIAN THOMAS; ISMA LORENSINA THOMAS; ELFIE AGUITA THOMAS; OLIVE HYACINTH THOMAS; MANNIE L. THOMAS; VERLE ESTIELE THOMAS; SAM ALFRED THOMAS; LEON HAROLD THOMAS; BEDWICK L. THOMAS; WOODROW LLOYD THOMAS; and CONRAD ALBERTO THOMAS,** | ) ) ) ) ) ) ) ) ) ) ) ) ) |
|  | ) |
| Third-party defendants. | ) |

**ATTORNEYS:**

**Harold Alexander Thomas, III**
   *Pro se plaintiff,*

**Hamilton Bryan**
   *Pro se plaintiff*

**Mark Wilczynski, Esq.**
**Nicolas Jon Pompeo, Esq.**
Law Office of Mark Wilczynski
St. Thomas, VI
   *For the defendants Joseph Bonnano; West Essex Management Corporation; and defendant/third-party plaintiff Turn Around Enterprises, LLC,*

**Terri Griffiths, Acting Attorney General**
Virgin Islands Department of Justice
St. Thomas, VI
   *For the defendant Lieutenant Governor of the Virgin Islands Gregory R. Francis*

**Lucille Ann Thomas**
**Marvin Theron**
**Elba Jeanine Zessnett-Thomas**
**Phillis Rosalind Thomas**
**Louis Thomas**
**Dorothy Patricia Thomas**
**Theodore Alvin Thomas**
**Edna Thomas**
**The Estate of Thyra Thomas-Baretta**
**Rudolf Gleeston Thomas**
**Terrance Therbaites Thomas**
**Christian Thomas**
**Isma Lorensina Thomas**
**Elfie Aguita Thomas**
**Olive Hyacinth Thomas**
**Mannie L. Thomas**
**Verle Estiele Thomas**
**Sam Alfred Thomas**
**Leon Harold Thomas**
**Bedwick L. Thomas**
**Woodrow Lloyd Thomas**
**Conrad Alberto Thomas**
   *Pro se third-party defendants.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the defendant/third-party plaintiff Turn Around Enterprises, LLC ("Turn Around") to dismiss the complaint of plaintiffs Harold Alexander Thomas, III, and Hamilton Bryan pursuant to Federal Rule of Civil Procedure 41.

### I.   FACTUAL AND PROCEDURAL HISTORY

Harold Alexander Thomas, III ("Thomas") and Hamilton Bryan ("Bryan") initiated this action on January 23, 2013. The defendants Joseph Bonnano ("Bonnano"), West Essex Management

Corporation ("West Essex"), and Turn Around filed various motions to dismiss. Thereafter, and before the Court had ruled on the motions to dismiss, Thomas and Bryan, filed a motion for expedited review, (ECF No. 9), a motion for emergency relief, (ECF No. 11), and a motion titled "Motion for Judgment as a Matter of Law." (ECF No. 55.)

On July 30, 2013, the Court issued a memorandum opinion, in which it found that three of the four defendants had not been properly served with the complaint. (ECF No. 71.) The Court also stated that Thomas and Bryan had failed to state a claim. (Id.) The Court also ordered Thomas and Bryan to amend their complaint and serve it on all parties not later than August 30, 2013.

On August 23, 2013, the Court found Thomas and Bryan's motions for expedited review and emergency relief to be moot, as no amended complaint had yet been filed. Though an amended complaint had not yet been filed, on September 19, 2013, Turn Around filed an Answer and a Third-Party Complaint which asserted counterclaims against Bryan and Thomas, as well as third-party claims against a number of other individuals. Those third-party defendants did not answer or appear. Bryan and Thomas also failed to answer the counterclaims.

On October 30, 2013, long after the August 30, 2013, deadline, the Court found Thomas and Bryan's "Motion for Judgment as a Matter of Law" moot. The Court stated that Thomas

and Bryan had not yet filed an amended complaint. The Court also indicated that the deadline to do so had long since passed. As such, there was no complaint on which judgment could be entered.

West Essex and Bonnano renewed their motions to dismiss. Those motions were granted on February 19, 2014. On June 6, 2014, the Lieutenant Governor of the Virgin Islands moved to dismiss the matter as against the Lieutenant Governor for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41 ("Rule 41"). That motion was granted on October 3, 2014.

On December 1, 2014, Turn Around filed notice in this Court that it voluntarily dismissed its counterclaims and third-party complaint. As neither the counterclaim defendants nor the third-party defendants had answered by that date, under Federal Rule of Civil Procedure 41(a), those claims were thereby dismissed without a Court order. Shortly thereafter, on December 9, 2014, Turn Around filed the instant motion to dismiss for failure to prosecute.

## II. DISCUSSION

Rule 41 states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

*Thomas v. Benamo*
Civil No. 2013-06
Order
Page 6

A district court's decision to invoke this sanction is discretionary. *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984) (applying abuse of discretion standard of review). In deciding the defendants' motion to dismiss the plaintiffs' complaint for want of prosecution pursuant to Rule 41(b), this Court must weigh and balance the six factors provided by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). *Scarborough*, 747 F.2d 871 (applying *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), test to Rule 41(b) dismissal).

Those factors are:(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. The Court need not find that all of the *Poulis* factors weigh against the opposing party to find that dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989).

Before deciding a motion to sanction a party with dismissal, the Court must ensure that the party against whom it

is being sought has actual notice of the motion. *Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 129 (3d Cir. 1987). The purpose of this requirement is to ensure that parties are given an opportunity to defend themselves against the consequences of their attorney's misconduct. *Curtis T. Bedwell & Sons v. Intl. Fidelity Ins. Co.*, 843 F.2d 683, 693 n. 19 (3d Cir. 1988).

### III. ANALYSIS

Thomas and Bryan are each representing themselves *pro se*. They have been granted access to the electronic filing system for purposes of this case. (ECF No. 32, Order Granting Leave to File Electronically.) They have used said system since then for purposes of this case. Having determined that Bryan and Thomas had access to the instant motions and all previously docketed court orders, the Court will now turn to the *Poulis* factors.

The first factor the Court must consider is the extent of the non-moving party's personal responsibility. *Poulis*, 747 F.2d at 868. The Court notes that Thomas and Bryan are proceeding *pro se* and they thus bear full responsibility for the litigation. *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (citing *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (noting that a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders)). Since the Court's July 30, 2013, Order, Thomas and Bryan have

not filed an amended complaint or served the amended complaint on all named defendants in accordance with Federal Rule of Civil Procedure 4 as instructed. Thus, the first factor weighs in favor of dismissal.

The second factor focuses on the prejudice to the defendants caused by the failure to respond to the Court's orders. *Poulis*, 747 F.2d at 868. "Prejudice" under the *Poulis* test does not refer to "irremediable" harm. *Curtis T. Bedwell*, 843 F.2d at 693. Rather, it can consist of the extra costs of repeated delays and filing of motions necessitated by the improper behavior on the part of plaintiffs. *Id.* at 693-94; *Poulis*, 747 F.2d at 868. Thomas and Bryan's failure to undertake any efforts to prosecute their claims have burdened Turn Around by forcing it to file motions simply to try and compel Thomas and Bryan to comply with basic procedural requirements. *See, e.g., Andrews v. Gov't of the Virgin Islands*, 1321 F.R.D. 405, 412 (D.V.I. 1990) *aff'd*, 935 F.2d 1280 (3d Cir. 1991) (finding that behavior by the plaintiffs which forced the defendants to file motions to attempt to force action on the plaintiffs' part was prejudicial). Thus, the second factor weighs in favor of dismissal.

The third factor considers whether the non-moving party has a history of dilatoriness. *Poulis*, 747 F.2d at 868. The Third Circuit has noted that "[i]n *Poulis*, one failure to answer

interrogatories and a failure to file a pre-trial statement were sufficient to support a dismissal." *Curtis T. Bedwell*, 843 F.2d at 694. The circumstances in the instant case, a failure to respond to any of the commands of the Court's July 30, 2013, Order, for well over one year, rises to at least the level of that in *Poulis*. Thus, the third factor favors dismissal.

The fourth factor considers whether the conduct of the party or the attorney was willful or in bad faith. *Poulis*, 747 F.2d at 868. In the instant case, it is clear that Thomas and Bryan were aware of the Court's July 30, 2013, Order. Thomas and Bryan mention the July 30, 2013, Order in their "motion to disqualify Judge Curtis v. Gomez." (ECF No. 74.) Thomas and Bryan, in their motion for disqualification, state that the July 30, 2013, Order is of "no legal effect." (ECF No. 74.) This indicates that not only are Thomas and Bryan aware of the July 30, 2013, Order but that they do not intend to comply with the Court's Order. Their failure to comply is not accidental or inadvertent. Therefore, the fourth factor favors dismissal.

The fifth factor looks at the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 868. "In general, a sanction should be directed toward the particular abuse that has occurred." *Andrews*, 132 F.R.D. at 413. Here the July 30, 2013, Order instructed Thomas and Bryan to file an amended complaint and to properly serve the defendants in this case. The Court may

address a plaintiff's failure to state a claim by granting the plaintiff leave to amend or by dismissal of the complaint. *See* Fed. R. Civ. P. 12(b). Similarly, the Court may address a failure to properly serve defendants by allowing more time for service or dismissing the complaint. *See id*. The July 30, 2013, Order, denying the motions to dismiss and granting Thomas and Bryan leave to amend and properly serve the defendants, did not lead to compliance. As such, it seems unlikely that leave to amend in this matter would result in a more favorable outcome. The only remaining sanction typically employed in this circumstance is dismissal. Thus, the fifth factor favors dismissal.

Finally, the sixth factor considers the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. The standard under which this factor is determined is that of a dismissal for failure to state a claim on which relief can be granted: "A claim ... will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff...." *Id.* at 869-70. As the Court has previously noted, Thomas and Bryan have failed to file an amended complaint. As such, the Court lacks sufficient information from which to determine the merit of their contentions.

Considering the factors enunciated in *Poulis*, five of the six factors favor dismissal. The sixth factor simply cannot be

considered, as the Court lacks sufficient information upon which to base any analysis. Given the weight of the *Poulis* factors, and considering the plaintiffs' intentional and long-standing failure to comply with the Court's July 30, 2013, Order, dismissal is the most appropriate sanction.

The premises considered, it is hereby

**ORDERED** that Turn Around's motion to dismiss is **GRANTED;** and it is further

**ORDERED** that the plaintiffs' claims against Turn Around are **DISMISSED;** and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**